# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-899

RONNIE CEASAR

VERSUS

CHASE BANK, ET AL.

**\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, DOCKET NO. 12-C-0069-D
HONORABLE DONALD W. HEBERT, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS
JUDGE**

**\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy H. Ezell, and Phyllis M. Keaty, Judges.

**AFFIRMED.**

Ronnie Ceasar
Pro Se Litigant
P.O. Box 1281
Opelousas, LA  70571
(225) 328-4515


Skylar Comeaux
Robicheaux & Collins
2014 W. Pinhook Rd., Suite 503
Lafayette, LA  70508
(337) 235-7888
**ATTORNEY FOR DEFENDANT/APPELLEE**
   Teche Federal Savings Bank

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Plaintiff, Ronnie Ceasar, maintained a checking account with Defendant, Teche Federal Savings Bank. The terms of the account allowed either party to close the account at any time, with or without cause, provided notice was given to the other party. The Account Agreement states, in the event of an account termination, written notice "will be reasonable if it is mailed to [the account holder's] statement mailing address immediately upon account closure."

Teche closed Plaintiff's checking account on February 20, 2012, after sending written notice to Plaintiff of its intention to do so pursuant to the terms of the Account Agreement. Plaintiff, acting without counsel, eventually brought suit against Teche contending breach of contract by Teche. He alleged Teche closed his account "without notice" and that a check written on the account for $10.00 was returned to a third party despite there being sufficient funds available in the account.

In response to Plaintiff's suit, Teche filed a motion for summary judgment. Teche asserted Plaintiff was properly notified of the closure of his account by written notice mailed twelve days prior to the actual closing of the account. Thus, Teche maintained it had no obligation to honor any check made on that account subsequent to the closing of the account on February 20, 2012.

A week before the scheduled hearing on the motion for summary judgment, Plaintiff filed a document titled "Objection." Although not procedurally proper, the trial court, specifically noting it was doing so as a "courtesy," agreed to consider the document as an opposition to Teche's motion for summary judgment. The hearing was continued to allow Plaintiff time to amend his petition to correct mistaken dates and produce any additional evidence.

Subsequently, Plaintiff amended his petition on May 12, 2014. He also filed

another "Objection" on June 17, 2014, apparently taking issue with Teche's answer to the amended petition. Teche filed a Reply to the "Objection" on June 19, 2014, asserting there was no merit to the "Objection" and that there were no genuine issues of material fact existing as to any alleged breach of contract on Teche's part. Plaintiff was served with a copy of Teche's Reply by certified mail and email.

The hearing on the motion was held on June 23, 2014. Plaintiff attempted to introduce into evidence a document he claimed was a statement generated by Teche "that show[ed] that they messed up [his] checking account." Teche objected to its introduction on the basis it was not authenticated as a genuine bank record for Plaintiff's account. The trial court sustained the objection. After reviewing all the evidence, the trial court found Teche established Plaintiff was timely notified of the closure of the account. Further, the trial court noted the "only check for ten dollars written on the account in question was in February of 2012 and was indeed honored." Concluding there were no genuine issues of material fact present, the trial court granted summary judgment in Teche's favor, dismissing Plaintiff's claims. Plaintiff has appealed the judgment, contending summary judgment was improperly granted.[1]

## ANALYSIS

Plaintiff maintains in his appellate brief that Teche "failed to follow Louisiana Code of Civil Procedures for timely filings" to his "detriment." At the hearing on the motion for summary judgment, Plaintiff also questioned whether Teche's "Reply" was timely. The record reveals the trial court went to great lengths to explain to Plaintiff that Teche timely filed its "Reply."

The Reply was faxed to the clerk of court five days before the June 23, 2014 hearing and filed four days prior to the hearing. A copy of that Reply was sent to

[1]  Given that Plaintiff has continued on appeal to represent himself, the brief filed in support of Plaintiff's appeal is difficult to follow. While providing a list of "reasons" for his appeal, it is unclear as to how the trial court allegedly erred in granting the motion for summary judgment. In the interests of justice, we will attempt to address what we perceive as the issues set forth by Plaintiff.

Plaintiff by certified mail five days prior to the hearing. As Teche notes, Plaintiff had not alleged that the certified mailing was not delivered to his address later than the one full working day prior to the scheduled hearing date. Rather he has only maintained he failed to retrieve the mailing from the post office until the morning of the hearing. Louisana Code of Civil Procedure Article 1313(A)(1) provides that service of a pleading may be affected by mailing a copy to the adverse part at his last known address, such service "being complete upon mailing." We find no error in the trial court's consideration of Teche's Reply.[2]

Plaintiff also references the trial court's refusal to allow into evidence a document Plaintiff attempted to introduce that purportedly was generated by Teche "that show[ed] that they messed up [his] checking account." Plaintiff's brief claims no reason was given for objecting to the introduction of this document. This is incorrect. Teche objected to its introduction because there was no evidence that the document offered was what it claimed to be, specifically a true and accurate record of the account balance history for the checking account in question.

"The standard of review used by this court in reviewing evidentiary rulings of a trial court is abuse of discretion." *Johnson v. First Nat'l Bank of Shreveport*, 00-870, p. 32 (La.App. 3 Cir. 6/20/01), 792 So.2d 33, 56, *writs denied*, 01-2770, 01-2783 (La. 1/4/02), 805 So.2d 212, 213. The law is clear that authentication is "a condition precedent to admissibility" which is satisfied by "evidence sufficient to support a finding that the [document] is what its proponent claims." La.Code Evid. art. 901(A). The trial court found Plaintiff offered no evidence that the document proffered was authenticated as what he claimed it to be, an accurate record of the balance history of Plaintiff's account. Therefore, the trial court did not err in sustaining Teche's objection and refusing to admit the document into

---

[2] We also note Plaintiff acknowledged he picked up the Reply the morning of the hearing. The trial court offered Plaintiff the opportunity to take additional time to review the Reply before proceeding with the hearing. Plaintiff declined to do so.

evidence.

Lastly, Plaintiff makes the general argument that summary judgment was inappropriately granted. Specifically, he states that "ALL funds transacted in February 2012 were NOT properly accounted for" and Teche did "breach contract regarding [the] checking account . . . by mis-managing his checking account causing damages."

To establish a prima facie case for breach of contract, Plaintiff must prove the defendant failed to perform an obligation under the terms of a contract which results in damages to the other party. *St. Landry Homestead Fed. Sav. Bank v. Vidrine*, 12-1406 (La.App. 3 Cir. 6/12/13), 118 So.3d 470, *writs denied*, 13-2218, 13-2219 (La.12/2/13), 126 So.3d 1283 [*citing Favrot v. Favrot*, 10-986 (La.App. 4 Cir. 2/9/11), 68 So.3d 1099, *writ denied*, 11-636 (La. 5/6/11), 62 So.3d 127]. The trial court found Plaintiff failed to show the existence of any genuine issue of material fact as to the breach of contract assertion. After a review of the record, we agree.

Plaintiff alleged his account was closed "without notice." However, the record established written notice, as required by the Account Agreement, was mailed to the mailing address on Plaintiff's checking account *twelve days prior* to the account being closed. It was also established that said notice was delivered to the statement mailing address six days before the account was closed. Thus, Plaintiff cannot show the existence of any issues of fact regarding Teche's compliance with the notice requirements of the Account Agreement.

We also find no factual support for Plaintiff's allegation that a check written on his account for $10.00 "before February 20, 2012" was returned to a third party despite there being sufficient funds available in the account. No evidence in the record suggests that any check for ten dollars was returned to any third party at any point in time. Plaintiff failed to provide the number of the allegedly returned check

5

or the date it was returned. The trial court specifically noted, electronic records of the account reveal the "only check for ten dollars written on the account in question was in February of 2012 and was indeed honored."

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Plaintiff-Appellant, Ronnie Ceasar.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules–Courts of Appeal, Rule 2-16.3.